Filed 3/16/26  Rokhsat v. Daland Swim School CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| MEHRBOD ROKHSAT, a Minor, etc., et al.,<br><br>    Plaintiffs and Appellants,<br><br>v.<br><br>DALAND SWIM SCHOOL, INC., et al.,<br><br>    Defendants and Respondents. | 2d Civ. No. B344689<br>(Super. Ct. No. 202200572323CUPO)<br>(Ventura County) |

Mehrbod Rokhsat, a minor by and through his guardian ad litem Hossein Rokhsat, appeals from an order granting summary judgment for respondents Daland Swim School, Inc. and The Duck Pond, LLC.  He contends triable issues of material fact exist as to whether respondents' gross negligence caused him to suffer an eye injury during a game of tug-of-war with other children at a summer swim camp.  We disagree and will affirm the trial court's finding that a written release bars his claims.

FACTUAL AND PROCEDURAL BACKGROUND[1]

Daland Swim School owns and operates a swim camp in Thousand Oaks called "Camp Daland." Duck Pond owns the pool facility and leases it to Daland Swim School. Non-party Leslie Daland owns both entities.

Children participate in camp songs, arts and crafts, and recreational activities at Camp Daland. Mehrbod,[2] then nine years old, attended the camp on June 14, 2022. He began playing tug of war with other children on a turf surface around 2:15. They used a 15-foot nylon rope in good condition that contained no knots or loops. Five to six children were on either side of the rope. The rope struck Mehrbod in the eye when the children on the other side released it. The camp director promptly applied an ice pack to reduce swelling. He noticed Mehrbod had a black eye but appeared alert and attentive. No other children were injured.

Camp Daland's office manager called Mehrbod's father, Hossein Rokhsat, at 2:30 to report the incident. She left two voicemails but received no response. Mehrbod's adult brother picked him up at 3:00 when the camp adjourned for the day. He saw Mehrbod bleeding from the nose and from a gash under his right eye. He drove Mehrbod home, where Hossein saw the injuries and took Mehrbod to the hospital. Camp Daland's office manager called Hossein that evening and the next day but again received no response.

Mehrbod sued Daland Swim School for general negligence. He alleged it breached its duty of care "by failing to take actions

---

[1] We rely on undisputed facts and allegations in the complaint.

[2] We use first names for clarity. No disrespect is intended.

to protect campers like [Mehrbod] from injury and by engaging in conduct that substantially and unreasonably increased the risk of the activity that caused injury."  He further alleged the school "fail[ed] to provide adequate employee supervision during the activity and then fail[ed] to promptly notify [Mehrbod's parents] of the injury and/or seek medical attention for the serious injury suffered."  Mehrbod later added Duck Pond as a Doe defendant but did not amend the complaint's substantive allegations.

Respondents moved for summary judgment based on a liability waiver signed before the accident by Hossein.  They also argued the claims against Duck Pond failed as a matter of law because Mehrbod's injuries were caused by Daland Swim School's negligence rather than any dangerous condition on Duck Pond's property.  The trial court granted the motion.  It found a liability waiver signed by Hossein barred any claim against Daland Swim School because "[t]he allegations of the complaint and the opposing evidence at most show ordinary negligence."  The court also found the evidence did not establish a dangerous condition existed at the property or any other basis for imputing liability to Duck Pond.[3]

## DISCUSSION

### Standard of Review

"[A] motion for summary judgment shall be granted if all the papers submitted show that there is no triable issue as to any

---

[3] The court also granted summary judgment of claims for negligent infliction of emotional distress brought by Hossein and Anahid Nazeri, Mehrbod's mother.  The opening brief does not discuss these claims.  We construe their appeal as abandoned. (See *Reyes v. Kosha* (1998) 65 Cal.App.4th 451, 466, fn. 6 [appellate court's review limited to issues that have been adequately raised and supported in appellant's brief].)

material fact and that the moving party is entitled to a judgment as a matter of law." (Code Civ. Proc., § 437c, subd. (c).) A defendant moving for summary judgment "bears the burden of persuasion that 'one or more elements of' the 'cause of action' in question 'cannot be established,' or that 'there is a complete defense' thereto. [Citation.]" (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850; Code Civ. Proc., § 437c, subd. (p)(2).) "On appeal from the granting of a motion for summary judgment, we examine the record de novo, liberally construing the evidence in support of the party opposing summary judgment and resolving doubts concerning the evidence in favor of that party." (*Miller v. Department of Corrections* (2005) 36 Cal.4th 446, 460.)

*No Triable Issue of Material Fact Exists*
*as to Respondents' Gross Negligence*

Appellants concede the waiver signed by Hossein bars any claims for ordinary negligence. (See *Benedek v. PLC Santa Monica* (2002) 104 Cal.App.4th 1351, 1357 ["If a release of all liability is given, the release applies to any negligence of the defendant"].) They contend triable issues of material fact exist, however, as to whether respondents acted with gross negligence. (See *City of Santa Barbara v. Superior Court* (2007) 41 Cal.4th 747, 751 (*City of Santa Barbara*) (["an agreement made in the context of sports or recreational programs or services, purporting to release liability for future gross negligence, generally is unenforceable as a matter of public policy"].)

Gross negligence is defined as a want of even scant care, or an extreme departure from the ordinary standard of conduct. (*City of Santa Barbara*, *supra*, 41 Cal.4th at p. 754.) This may include conduct that "substantially or unreasonably increase[s] the inherent risk of an activity or actively conceal[s] a known risk

4

. . . ." (*Willhide-Michiulis v. Mammoth Mountain Ski Area, LLC* (2018) 25 Cal.App.5th 344, 359.)  "Where the evidence on summary judgment fails to demonstrate a triable issue of material fact, the existence of gross negligence can be resolved as a matter of law." (*Id.* at p. 364.)

Appellants rely chiefly on the declaration of their recreation and education expert, Benjamin Wixon, who stated there was "a dispute as to whether [respondents] provided game and safety instructions prior to commencing the tug-of-war activity . . . ."  The expert recited guidelines for a "proper tug-of-war activity."  This included, among other things, encouraging participants "to wear protective gear such as gloves and helmets" and instructing them "not to unexpectedly let go of the rope . . . ."  The expert concluded respondents "failed to properly supervise the campers" during the activity and had "seen no evidence that the [respondents] followed the guidelines specified above."  They then "failed to summon emergency medical personnel after the child was injured, and failed to properly document and investigate the incident."

The evidence viewed most favorably to appellants would establish ordinary negligence—at most.  Missing from the record is any evidence respondents increased the risks inherent in this traditional playground activity, concealed known dangers from participants, or otherwise demonstrated "an extreme departure from the ordinary standard of conduct."  Appellants simply theorize that Mehrbod's injury would not have occurred if counselors told the children to be more cautious.  "A mere difference of opinion as to how a student should be instructed does not constitute evidence of gross negligence." (*Honeycutt v. Meridian Sports Club, LLC* (2014) 231 Cal.App.4th 251, 260.)  In

addition, appellants do not appeal evidentiary rulings that excluded a significant portion of the declaration describing Mehrbod's account of the incident.[4]

Appellant's evidence of respondents' post-incident conduct likewise creates no genuine issue of material fact. Even if they proved respondents "failed to summon emergency medical personnel" or "failed to properly document and investigate the incident," they proffered no evidence this caused or worsened Mehrbod's injuries. (See *Gee v. National Collegiate Athletic Assn.* (2024) 107 Cal.App.5th 1233, 1250 ["A defendant's liability is determined by the conduct or condition which caused the injury"].)

*Claims Against Duck Pond*

Appellants contend genuine issues of material fact exist as to whether Duck Pond is liable for gross negligence because Leslie Daland owned both entities and knew dangerous activities took place onsite. Respondents argue these facts are immaterial because Duck Pond did not have a duty to supervise its lessee's operations—only to remedy or warn of dangerous conditions at the facility, as noted in the trial court's order granting summary judgment. (See *Laico v. Chevron U.S.A., Inc.* (2004) 123 Cal.App.4th 649, 666 ["[A] property owner should not be deemed an additional insurer of workplace safety when the risks are unrelated to conditions of the property itself"].)

---

[4] Hossein submitted two declarations in opposition to the motion for summary judgment. One gave his own account of the events of June 14. The other gave Mehrbod's account as relayed to Hossein. The trial court sustained objections to the bulk of the latter based on a lack of personal knowledge and foundation.

Mehrbod's injuries were not caused or worsened by the alleged gross negligence of Daland Swim School's staff. Duck Pond's knowledge of Daland Swim School's operations is therefore irrelevant. We also agree appellants failed to produce any evidence that a dangerous condition existed on the property leased from Duck Pond.

DISPOSITION

Judgment is affirmed. Respondents shall recover their costs on appeal.

<u>NOT TO BE PUBLISHED.</u>

CODY, J.

We concur:

YEGAN, Acting P. J.

BALTODANO, J.

7

Hon. Mark S. Borrell, Judge
Superior Court County of Ventura

_____

DorenfeldLaw, David Dorenfeld and Mazyar H. Mazarei for Plaintiff and Appellant.

Wood, Smith, Henning & Berman and Steven R. Disharoon for Defendants and Respondents.